Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MICHAEL D. BLEDSOE**, | ) |
| | ) |
| Petitioner, | ) Case No. 7:05CV00771 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Respondent. | ) |

*Michael D. Bledsoe, Petitioner Pro Se*

Petitioner Bledsoe, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005). The court conditionally filed Bledsoe's motion, notified him that it appeared to be untimely filed, and granted him an opportunity to submit any additional argument in favor of timeliness. Bledsoe responded. Upon review of the record and Bledsoe's response, however, I find that the § 2255 motion is untimely and will accordingly dismiss it.

I

Bledsoe pleaded guilty on July 31, 2001, to being a felon in possession of a firearm. On November 2, 2001, I sentenced Bledsoe to 115 months in prison.

Bledsoe filed a notice of appeal from his conviction in June 2005. The United States moved for dismissal of the appeal as untimely filed, and by order filed July 21, 2005, the United States Court of Appeals for the Fourth Circuit granted the motion to dismiss. Bledsoe signed the present motion under § 2255 on December 10, 2005. Bledsoe contends that he is entitled to be re-sentenced under *United States v. Booker*, 543 U.S. 220 (2005), and that counsel provided ineffective assistance in failing to raise arguments during trial proceedings under *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 para 6. If the district court gives the petitioner notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the petitioner fails to make the requisite showing, the district court may summarily dismiss the motion. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

Bledsoe argues that his entire petition must be deemed timely filed under § 2255 para. (6)(3) because he filed the pleading within one year of the January 12, 2005, issuance of the *Booker* decision. The United States Court of Appeals for the Fourth Circuit has held, however, that *Booker* does not apply retroactively to cases that became final before the *Booker* decision issued. *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005); *see also United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005) (citing other cases holding *Booker* not to be retroactive). Bledsoe's conviction became final on November 16, 2001, upon expiration of his opportunity to file a timely appeal from the final criminal judgment in his case. *See* Fed. R. App. P. 4(b). Since his conviction became final prior to January 12, 2005, *Booker* does not apply retroactively to his § 2255 motion for collateral review. Consequently, *Booker*

- 3 -

Case 7:05-cv-00771-JPJ-mfu   Document 4   Filed 02/14/06   Page 3 of 4   Pageid#: 60

also does not render the present motion timely under § 2255 para. 6(3). Moreover, as Bledsoe clearly did not file his § 2255 motion within one year of the date on which his conviction became final, the entire petition is untimely under § 2255 para. 6(1). As Bledsoe does not present any other ground on which I could find his petition timely filed or on which he is entitled to equitable tolling, I will summarily dismiss his motion.

III

For these reasons, there is no ground upon which the present motion might be deemed timely filed. Accordingly, it will be dismissed.

A separate Final Order will be entered herewith.

ENTER: February 14, 2006

/s/ JAMES P. JONES
Chief United States District Judge

- 4 -